IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| FIRST BAPTIST CHURCH DAISETTA TEXAS,<br><br>           Plaintiff,<br><br>vs.<br><br>CHURCH MUTUAL INSURANCE COMPANY,<br><br>           Defendant. | NO. 1:23-CV-00193-MAC-ZJH |

## REPORT AND RECOMMENDATION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This case is assigned to the Honorable Marcia A. Crone, United States District Judge. On May 26, 2023, Judge Crone referred this case to the undersigned United States Magistrate Judge for pretrial management. Doc. No. 8. Pending before the court is Defendant Church Mutual Insurance Company ("Church Mutual")'s *Motion for Summary Judgment*. Doc. No. 13. After careful consideration of the filings and applicable law, the undersigned concludes that Church Mutual's instant motion (Doc. No. 13) should be granted.

### I.      Factual and Procedural Background

This case arises from a first party insurance dispute over property damage. According to the facts alleged in the *First Amended Complaint*, Church Mutual insured a building and personal property owned by Plaintiff First Baptist Church of Daisetta Texas ("First Baptist"). Doc. No. 12 at 4, ¶¶ 15–16. On February 22, 2022, the insured building suffered wind and hail damage. *Id.*, ¶ 17. First Baptist timely reported the damage to Church Mutual. *Id.*, ¶ 18.

Church Mutual relied on an independent adjuster to inspect the insured building and prepare an estimate of covered damages. *Id.*, ¶ 19. Church Mutual also relied on an engineering

firm to inspect the insured building. *Id.*, ¶ 21. On June 13, 2022, Church Mutual submitted the engineering report, the independent adjuster's estimate, and Church Mutual's estimate of the replacement cost value to First Baptist. *Id.*, ¶ 30; Doc. No. 13 at 2, ¶ 1. Church Mutual's estimate of the replacement cost value of the damage to the insured property was $677.39, which was less than the policy's $5,000 deductible. Doc. No. 12 at 6, ¶ 31. Church Mutual denied coverage based on this estimate. *Id.*

On June 14, 2022, First Baptist provided Church Mutual with presuit notice. *Id.*, ¶ 34. On June 23, 2022, First Baptist invoked appraisal under the policy's appraisal clause and identified its appointed appraiser. *Id.*, ¶ 35. On July 13, 2022, Church Mutual appointed its own appraiser. *Id.*, ¶ 36. On October 15, 2022, First Baptist's appraiser and the agreed-upon umpire signed an appraisal award that determined the replacement cost value of the damage to the insured building was $87,015.86. *Id.*, ¶ 39. The actual cash value of this award was $72,031.77. *Id.*

On October 19, 2022, Church Mutual tendered payment of $67,031.77 to First Baptist to satisfy the appraisal award. Doc. No. 13 at 3, ¶ 4; Doc. No. 12 at 8, ¶ 40. This amount consisted of the $72,031.77 actual cash value minus the $5,000 deductible. Doc. No. 13 at 3, ¶ 4. On November 4, 2022, First Baptist tendered presuit notice to Church Mutual contending that Church Mutual owed $3,764.80 for violations of the Texas Prompt Payment of Claims Act. Doc. No. 13 at 3, ¶ 5. In response, on December 7, 2022, Church Mutual tendered payment of $3,764.80 in satisfaction of the "late payment interest for the claim." *Id.*, ¶ 6.

On January 30, 2023, First Baptist filed its *Original Petition* against Church Mutual in Liberty County Court at Law, and on May 5, 2023, filed its *First Amended Petition*. Doc. No. 4, 6. On May 17, 2023, Church Mutual removed the case to this court. Doc. No. 1. On October 6, 2023, First Baptist filed its *First Amended Complaint* alleging prompt payment claims under Tex.

2

INS. CODE § 542, breach of the common law duty of good faith and fair dealing, and bad faith claims under TEX. INS. CODE § 541. Doc. No. 12.

On November 7, 2023, Church Mutual filed the instant *Motion for Summary Judgment*. Doc. No. 13. On November 29, 2023, First Baptist filed a *Response* (Doc. No. 14), and on December 5, 2023, Church Mutual filed a *Reply* (Doc. No. 15).

## II.     Legal Standards

Summary judgment shall be granted when the pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Edwards v. Oliver*, 31 F.4th 925, 929 (5th Cir. 2022). A dispute is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material when it is relevant or necessary to the ultimate outcome of the case. *Id.* ("[T]he substantive law will identify which facts are material"). The moving party has the burden of demonstrating that there are no genuine issues of material fact in dispute. *See Celotex*, 477 U.S. at 323; *Harvill v. Westward Commc'ns, LLC*, 433 F.3d 428, 433 (5th Cir. 2005). The court resolves any doubts and draws all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *United States ex rel. Longhi v. United States*, 575 F.3d 458, 465 (5th Cir. 2009).

The movant must support its assertion by "citing to particular parts of materials in the record . . . showing that the materials cited do not establish the . . . presence of a genuine dispute, or [showing] that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56 (c)(1)(A)–(B). "[T]he court . . . may not make credibility determinations or weigh

3

the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 255. "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tennessee Gas Pipeline Co*, 136 F.3d 455, 458 (5th Cir. 1998).

Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). As a result, "[i]f the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 650 (5th Cir. 2012) (quoting *Harvill*, 433 F.3d at 433). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322.

Finally, "even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that 'a better course would be to proceed to a full trial.'" *Kunin v. Feofanov*, 69 F.3d 59, 61 (5th Cir. 1995) (quoting *Anderson*, 477 U.S. at 255–56).

### III. Discussion

First Baptist alleges nine claims against Church Mutual related to Church Mutual's handling of its damages claim under the insurance policy. Doc. No. 12 at 9–19. There are two general types of claims. The first is "prompt payment" claims under TEX. INS. CODE § 542, which is the Texas Prompt Payment of Claims Act ("TPPCA"). *Id.* at 9, ¶¶ 49–63. The second is bad

4

faith claims under the common law and TEX. INS. CODE § 541. *Id.* at 12, ¶¶ 64–112. The undersigned will address the prompt payment and bad faith claims separately.

### A. Prompt Payment Claims

First Baptist alleges three prompt payment claims under the Texas Prompt Payment of Claims Act ("TPPCA"): TEX. INS. CODE §§ 542.055, 542.056, and 542.058. Doc. No. 12 at 9, ¶¶ 49–63. In its instant motion, Church Mutual contends that First Baptist's prompt payment claims fail as a matter of law because it paid First Baptist the full amount of interest owed under the TPPCA. Doc. No. 13 at 10. According to Church Mutual, even though payment of an appraisal award does not itself bar TPPCA liability, TPPCA claims are nonetheless barred if the insurer paid the insured the full amount of interest potentially owed under the TPPCA. *Id.* First Baptist did not respond to any of Church Mutual's arguments regarding its prompt payment claims. *See generally* Doc. No. 14.

In its *First Amended Complaint*, First Baptist contends that it "did not enter an agreement with Church Mutual that it accepted these post-appraisal payments as full satisfaction or release" of its prompt payment claims. Doc. No. 12 at 8, ¶ 42. First Baptist also vaguely alleges that it is entitled to "actual damages and prompt payment penalties at the rate of 5% interest" on each of its three prompt payment claims. *Id.* at 10, ¶ 55. It is undisputed that Church Mutual paid First Baptist $67,031.77, the full amount of the appraisal award, and an additional sum of $3,764.80, which Church Mutual contends is the total amount of TPPCA interest that First Baptist could possibly recover. Doc. No. 13 at 3, ¶¶ 4–6; Doc. No. 12 at 8, ¶ 40. First Baptist does not dispute Century's argument that $3,764.80 was the total amount of TPPCA interest to which First Baptist was entitled. Moreover, First Baptist offers no summary judgment evidence showing it is entitled to any amount of interest greater than what Church Mutual has already paid. Thus, based on the

5

undisputed facts that Church Mutual paid the entire appraisal award plus applicable statutory interest, the undersigned finds that First Baptist's TPPCA claims fail as a matter of law.

The Fifth Circuit and multiple Texas district courts have held that when an insurer pays an appraisal award and any applicable interest under the TPPCA, the insured may not recover anything under their TPPCA claims. *See Quibodeaux v. Nautilus Ins. Co.*, 655 F. App'x 984, 988–89 (5th Cir. 2016) (holding that the district court's grant of summary judgment on a TPPCA claim was proper where the insurer demonstrated that it had paid the insured the amount of penalty interest that accrued due to the insurer's delay); *White v. Allstate Vehicle & Prop. Ins. Co.*, No. 6:19-CV-00066, 2021 WL 4311114, at *8 (S.D. Tex. Sept. 21, 2021) (granting summary judgment where insurer paid the full appraisal award and maximum amount of TPPCA interest that insured could demand and insured failed to present evidence that he was entitled to any additional interest); *Atkinson v. Meridian Sec. Ins. Co.*, No. SA-21-CV-00723-XR, 2022 WL 3655323, at *7 (W.D. Tex. Aug. 24, 2022) (same); *Trujillo v. Allstate Vehicle & Prop. Ins. Co.*, No. CV H-19-3992, 2020 WL 6123131, at *5–6 (S.D. Tex. Aug. 20, 2020) (same). Accordingly, Church Mutual is entitled to summary judgment on First Baptist's prompt payment claims under the TPPCA: TEX. INS. CODE §§ 542.055, 542.056, and 542.058.

First Baptist also contends it is entitled to attorney's fees for its TPPCA claims. Doc. No. 12 at 10, ¶¶ 55, 59, 63. The undersigned disagrees. First Baptist cannot recover attorney's fees because Church Mutual paid the entire appraisal award and all applicable TPPCA interest. *See Rodriguez v. Safeco Insurance Company of Indiana*, 684 S.W.3d 789, 790 (Tex. 2024) (holding that an insurer's payment of the full appraisal award plus any possible statutory interest precludes recovery of attorney's fees in an action under the TPPCA). Accordingly, Church Mutual is entitled to summary judgment on First Baptist's claims for attorney's fees for its TPPCA claims.

### B. Bad Faith Claims

First Baptist alleges that Church Mutual breached the common law duty of good faith and fair dealing and committed violations of TEX. INS. CODE § 541.060(a)(2), (3), (4)(A), and (7) based on its handling of First Baptist's damages claim under the policy. *Id.*, ¶¶ 64–112. In its instant motion, Church Mutual contends that its payment of the entire appraisal award bars First Baptist's common law and statutory bad faith claims as a matter of law. Doc. No. 13 at 5. Additionally, Church Mutual contends that First Baptist has not alleged any "actual damages" caused by Church Mutual's alleged violations of the Texas Insurance Code. *Id.* at 7–8. Thus, according to Church Mutual, First Baptist's bad faith claims fail as a matter of law. *Id.*

First Baptist disagrees. It contends that Church Mutual's payment of the appraisal award does not bar its bad faith claims. Doc. No. 14 at 3. First Baptist does not dispute that it has received all policy benefits to which it is entitled after receiving Church Mutual's payment of the full appraisal award. Doc. No. 12 at 7–8, ¶¶ 38–40. Rather, First Baptist contends that it can recover damages for its claims in addition to policy benefits. Doc. No. 14 at 5. According to First Baptist, "[d]amages for a violation of Chapter 541 are available for each 'act' causing actual damages to plaintiff." *Id.* First Baptist notes that in *Ortiz v. State Farm Lloyds*, the Texas Supreme Court acknowledged that an insurer's payment of an appraisal award does not bar extracontractual bad faith claims under the common law or TEX. INS. CODE § 541. *Id.* at 8 (citing 589 S.W.3d 127, 129 (Tex. 2019)). First Baptist contends that unlike the plaintiff in *Ortiz*, it alleges more than mere underpayment of the claim as evidence of damages for its bad faith claims. *Id.* at 8.

In *Ortiz*, the Texas Supreme Court recognized that there are two theories under which an insured can recover on bad faith claims under the Texas Insurance Code. 589 S.W.3d at 134. First, "an insured can establish he sustained actual damages by not receiving benefits under an insurance

7

policy to which he is entitled and that such damages were caused by the insurer's statutory violation." *White*, 2021 WL 4311114 at *5 (citing *Ortiz*, 589 S.W.3d at 134). This theory does not apply here, as it is undisputed that Church Mutual paid the entire appraisal award and First Baptist has received all benefits under the policy to which it is entitled. *See* Doc. No. 13 at 6, ¶¶ 14–15; Doc. No. 12 at 7–8, ¶¶ 38–40.

Turning to the second theory, "an insured may recover on his bad faith claim, even if he is not entitled to benefits under the insurance policy, if he can show he sustained 'damages for a statutory violation that cause[d] an injury *independent* from the loss of the benefits.'" *White*, 2021 WL 4311114 at *5 (quoting *Ortiz*, 589 S.W.3d at 134) (emphasis added). The Texas Supreme Court has recognized this as the "independent injury rule." *USAA Texas Lloyds v. Menchacha*, 545 S.W.3d 479, 499–500 (Tex. 2018). In *Menchacha*, the court noted that the damages for a bad faith claim must be "*truly independent* of the insured's right to receive policy benefits." 545 S.W.3d at 500 (emphasis added). An insured cannot recover for statutory or extracontractual claims if the damages sought "are predicated on, flow from, or stem from policy benefits." *Id.* (internal quotations omitted). Thus, extracontractual claims seeking damages in addition to policy benefits "must satisfy the independent injury rule." *Atkinson*, 2022 WL 3655323 at *6.

The undersigned has previously noted that "payment of an appraisal award forecloses an insurer's liability for common law and statutory bad faith *unless the insured suffered an independent injury*." *Saleme v. State Farm Lloyds*, No. 118CV00632MACZJH, 2021 WL 4206177, at *4 (E.D. Tex. Aug. 27, 2021), *report and recommendation adopted*, No. 118CV00632MACZJH, 2021 WL 4197622 (E.D. Tex. Sept. 14, 2021) (citing *Biasatti v. GuideOne Nat'l Ins. Co.*, 601 S.W.3d 792, 794 (Tex. 2020)). However, "[i]f the insured can point to some independent injury, the insurer cannot prevail on summary judgment merely by paying

8

the appraisal award." *Id.* The Texas Supreme Court has suggested that successful independent injury claims are "rare." *See Menchacha*, 545 S.W.3d at 500. An example of a potential successful independent injury claim recognized by this court was where the insured alleged that the insurer's unreasonable investigation caused consequential damage in addition to the denial of policy benefits. *See Saleme*, 2021 WL 4206177 at *4–5. In *Saleme*, the insured alleged that he paid $5,000 to fix mold damage caused by the leaking roof which the insurer refused to replace. *Id.*

First Baptist has not sufficiently alleged an independent injury that is "truly independent" of its right to receive policy benefits. The only potential independent injury that First Baptist alleges with any specificity is costs incurred for "appraisal expenses." Doc. No. 12 at 9, ¶ 44. This claim does not constitute an independent injury for multiple reasons. First, although neither party cites to the insurance policy in the briefing, the policy specifies that "[e]ach party will: a. Pay its chosen appraiser; and b. Bear the other expenses of the appraisal and umpire equally."[1] Doc. No. 12-1 at 39. The plain language of the parties' insurance contract forecloses First Baptist's claim for "appraisal expenses" because First Baptist contractually agreed to pay its own appraisal costs. *See Roeder v. Allstate Vehicle & Prop. Ins. Co.*, No. CV H:22-4275, 2023 WL 5985240, at *5 (S.D. Tex. Sept. 14, 2023) (finding no basis for insured to recover appraisal costs where insurance contract provided that each party must pay for its own appraisers).

Second, even if the policy did not provide that each party should pay its own appraiser, "appraisal expenses" still do not constitute an independent injury because they "flow from" a claim for policy benefits. *See Menchacha*, 545 S.W.3d at 500; *Gonzalez v. Allstate Vehicle & Prop. Ins. Co.*, 474 F. Supp. 3d 869, 875 (S.D. Tex. 2020) (finding that plaintiff's claim for appraisal expenses, without more, is not sufficient to support an "independent injury"); *see also Ortiz*, 589

---

[1] FED R. CIV. P. 56(c)(3) provides that "[t]he court need consider only the cited materials, but it may consider other materials in the record." Here, First Baptist attached the insurance policy to its *Complaint*. *See* Doc. No. 12-1.

9

S.W.3d at 135 (noting that "Texas law is clear that attorney's fees and costs incurred in the prosecution or defense of a claim, although 'compensatory in that they help make a claimant whole,' are not damages"). Thus, First Baptist's allegation of "appraisal expenses" is insufficient to constitute an independent injury.

Other than appraisal expenses, First Baptist offers only vague allegations of damages such as "additional costs, economic hardship, losses due to nonpayment of the amount Church Mutual owed, and exemplary damages." Doc. No. 12 at 13, ¶ 72. Additionally, First Baptist vaguely alleges it suffered "actual damages" stemming from Church Mutual's violations of § 541 but alleges no facts showing the basis of such damages. Doc. No. 12 at 14, ¶¶ 79, 84, 87, 92, 95, 100, 103, 108, 111. Moreover, First Baptist provides no summary judgment evidence to support the existence of any of the alleged damages it suffered.

Vague, conclusory allegations that First Baptist suffered "actual damages," unsupported by any evidence, are not sufficient to establish a genuine dispute of material fact as to whether First Baptist suffered an injury independent of its right to receive policy benefits. *See*, *e.g.*, *Bonner v. Allstate Vehicle & Prop. Ins. Co.*, No. 3:23-CV-158, 2024 WL 718202, at *3 (S.D. Tex. Jan. 3, 2024) (granting summary judgment to insurer on plaintiff's extracontractual and common law bad faith claims where insurer paid the full appraisal award and plaintiff insured provided no evidence of its alleged emotional distress or financial loss sufficient to establish an independent injury).[2] Accordingly, Church Mutual is entitled to summary judgment with respect to First Baptist's bad

---

[2] *See also Atkinson*, 2022 WL 3655323 at *6 (granting summary judgment for insurer on insured's bad faith claims because insurer paid full appraisal award and insured presented no summary judgment evidence of her alleged damages); *White*, 2021 WL 4311114 at *6 (granting summary judgment to insurer on insured's bad faith claim where insurer paid full appraisal award and insured failed to proffer summary judgment evidence showing an injury independent of insured's right to recover policy benefits).

faith claims for breach of the common law duty of good faith and fair dealing and violations of TEX. INS. CODE § 541.060(a)(2), (3), (4)(A), and (7).

First Baptist also alleges that it is entitled to attorney's fees for its bad faith claims under § 541 of the Texas Insurance Code. Doc. No. 12, ¶ 113. The undersigned disagrees. Because First Baptist cannot prevail on its common law or statutory bad faith claims as a matter of law, it is not entitled to an award of attorney's fees for any of its bad faith claims. *See Ortiz*, 589 S.W.3d at 135 (noting that under chapter 541 of the Texas Insurance Code, a claimant must prevail on the underlying claim *and* recover damages in order to recover attorney's fees).

### IV. Conclusion

Defendant Church Mutual Insurance Company has met its summary judgment burden of demonstrating that there are no genuine issues of material fact in dispute on all of Plaintiff First Baptist Church's claims. Accordingly, the undersigned recommends **GRANTING** Defendant Church Mutual Insurance Company's *Motion for Summary Judgment* (Doc. No. 13).

### V. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within 14 days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2); E.D. TEX. CIV. R. CV-72(c). A party who objects to this Report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this Report, within 14 days of being served with a copy of this Report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge. *See Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 29th day of May, 2024.

_____
Zack Hawthorn
United States Magistrate Judge