| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | | |
|---|---|---|
| FIRST BAPTIST CHURCH DAISETTA TEXAS, | § § § § § § § § § § § § | |
| Plaintiff, | | |
| | | NO. 1:23-cv-00193-MAC-ZJH |
| *versus* | | |
| CHURCH MUTUAL INSURANCE COMPANY, | | |
| Defendant. | | |

## ORDER OVERRULING OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On May 26, 2023, the court referred this case to the Honorable Zack Hawthorn, United States Magistrate Judge, for pretrial management. Doc. No. 8. Pending before the court is Defendant Church Mutual Insurance Company ("Church Mutual")'s *Motion for Summary Judgment*. Doc. No. 13. On May 29, 2024, Judge Hawthorn issued his Report and Recommendation (Doc. No. 16), which recommends granting Defendant's *Motion for Summary Judgment* (Doc. No. 13). On June 24, 2024, Plaintiff First Baptist Church Daisetta Texas ("First Baptist") timely filed its *Objections*. Doc. No. 18. On July 15, 2024, Defendant Church Mutual filed its *Response to Plaintiff's Objections*. Doc. No. 21.

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(l)(c); Fed. R. Civ. P. 72(b)(2)–(3). The court has conducted a *de novo* review of Judge Hawthorn's Report and Recommendation

and has carefully considered First Baptist's objections. The Court finds that Judge Hawthorn's findings and conclusions of law are correct and that First Baptist's objections are without merit.

1. **Objection I: Plaintiff is not required to prove an injury independent of policy benefits to recover tort damages.**

First Baptist does not object to any specific finding or conclusion in Judge Hawthorn's Report and Recommendation regarding whether it was required to prove an independent injury to recover on its bad faith claims. *See generally* Doc. No. 18 at 1–3. Rather, it merely restates its prior argument that it need not provide evidence of an independent injury to succeed on its Chapter 541 claims because the entitled-to-benefits rule allows an insured to recover policy benefits as damages in tort. *Id*. at 2 (citing *Lyda Swinerton Builders, Inc. v. Oklahoma Sur. Co.*, 903 F.3d 435, 450 (5th Cir. 2018)). Judge Hawthorn considered and rejected this argument in his Report and Recommendation, and it is therefore unavailing. Doc. No. 16 at 7–10.

Judge Hawthorn correctly noted that an insurer's full payment of an appraisal award, which occurred here, "forecloses an insurer's liability for common law and statutory bad faith *unless the insured suffered an independent injury*." *Id*. at 8. Thus, Judge Hawthorn correctly concluded that because Church Mutual paid First Baptist the entire appraisal award, First Baptist cannot recover damages on an entitlement-to-benefits theory. *Id*. Moreover, Judge Hawthorn correctly concluded that First Baptist failed to allege "an independent injury that is 'truly independent' of its right to receive policy benefits." *Id*. at 9. Accordingly, the court overrules this objection.

2. **Objection II: Church Mutual's payment of the appraisal award does not bar First Baptist from recovering damages in tort under the entitled-to-benefits rule.**

First Baptist fails to object to any specific finding or conclusion in Judge Hawthorn's Report regarding its ability to recover tort damages despite Church Mutual's payment of the

appraisal award. Rather, First Baptist generally contends that an insurer's payment of an appraisal award does not bar an insured from proceeding on an entitled-to-benefits theory to recover damages in tort because an insurer's payment of an appraisal award complies with only its contractual duties owed to its insureds. Doc. No. 18 at 3–4. This is merely a restatement of its prior argument in its *Response* (Doc. No. 14 at 8), which was considered and rejected by Judge Hawthorn in his Report and Recommendation.

Judge Hawthorn correctly noted that for bad faith claims under Chapter 541, an insured can either (1) establish it sustained actual damages by not receiving benefits under an insurance policy to which it is entitled and that such damages were caused by the insurer's statutory violation; or (2) show it sustained actual damages for a statutory violation that caused an injury independent from the loss of benefits. Doc. No. 16 at 7–8. The court agrees with Judge Hawthorn's finding that First Baptist fails to establish that it suffered any actual damages other than the withholding of policy benefits under either theory. *Id.* at 8, 10. As Judge Hawthorn correctly concluded in his Report, it is undisputed that Church Mutual paid the entire appraisal award and First Baptist has received all benefits under the policy to which it is entitled, and First Baptist's vague, conclusory allegations that First Baptist suffered "actual damages" are not sufficient to establish an independent injury. *Id.* at 8–9. The Court agrees with Judge Hawthorn's conclusion that First Baptist has not identified a genuine dispute of material fact as to whether it suffered actual damages apart from the withholding of policy benefits. *Id.* at 10. Accordingly, this objection is overruled.

It is, therefore, ORDERED that Plaintiff First Baptist Church's *Objections to the Magistrate Judge's Report and Recommendation* (Doc. No. 18) are OVERRULED.

It is further ORDERED that Judge Hawthorn's Report and Recommendation (Doc. No. 16) is ADOPTED.  Defendant Church Mutual's *Motion for Summary Judgment* (Doc. No. 13) is GRANTED.  Accordingly, Plaintiff First Baptist's claims against Defendant Church Mutual are DISMISSED WITH PREJUDICE.  The Court will enter a Final Judgment separately.

SIGNED at Beaumont, Texas, this 23rd day of August, 2024.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE